**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 19 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| WILLIAM R BERG, | No. 07-36008 |
| Plaintiff - Appellant, | D.C. No. CV-05-00217-WFN |
| v. | |
| PRISON HEALTH SERVICES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Wm. Fremming Nielsen, Senior District Judge, Presiding

Submitted April 6, 2010[**]
Seattle, Washington

Before: HAWKINS, LUCERO,[***] and N.R. SMITH, Circuit Judge.

William R. Berg, an Idaho state prisoner, appeals pro se from the district

court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]  The Honorable Carlos F. Lucero, Circuit Judge for the Tenth Circuit, sitting by designation.

alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, and review for an abuse of discretion its discovery rulings. *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000, 1005, 1009 (9th Cir. 2004). We affirm.

Deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A prison official acts with deliberate indifference only if the prison official knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal quotation marks and alterations omitted). Viewing all of the evidence in this record in the light most favorable to Berg, the district court properly granted summary judgment. The record demonstrated that medical officials and Berg had differing opinions about Berg's treatment. *See id.*, 391 F.3d at 1058-60. Further, Berg failed to show that delay, if any, in disclosing his medical condition or providing treatment resulted in significant injury or the unnecessary and wanton infliction of pain to Berg; at most he demonstrated negligence. *See Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

The district court did not abuse its discretion when it denied Berg's motion for appointment of an independent expert under Federal Rule of Evidence 706, because Berg's action was not a medical malpractice claim and did not involve

technical evidence or complex issues. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999).

Nor did the district court did not abuse its discretion by denying Berg's motion to order a physical examination (Federal Rule of Civil Procedure 35(a)), because (1) Rule 35 does not allow for a physical examination of oneself, and (2) Berg's medical condition is not in dispute. *See* Fed. R. Civ. P. 35; *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964).

Finally, the district court did not abuse its discretion by denying Berg's motion for sanctions, because Berg was at least partly responsible for the failure to depose the parties when he failed to attend the depositions as scheduled (albeit not on his requested dates). *See In re Arizona*, 528 F.3d 652, 655 (9th Cir. 2008) ("[D]istrict courts have wide latitude in controlling discovery, which we review for an abuse of discretion."); *Childress*, 357 F.3d at 1009 (scheduling of depositions).

**AFFIRMED.**